**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Criminal Case No.  08-CR-00505-PAB**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1.  MOLLETT LANSING,
    Defendant.**

___

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS
FOR ORDER OF DETENTION**
___

    **THIS MATTER** came before the Court for a detention hearing on a Petition on Violation of Supervised Release and Warrant for Arrest of Supervised Releasee on August 23, 2011.  Present were the following: Todd Norvell, Assistant United States Attorney, Michael Goldman, counsel for the Defendant, and the Defendant. Also present was Greg Saiz, Probation Officer.

    The Petition alleges three (3) violations of Supervised Release: (1) Failure to Participate In Drug/Alcohol Testing as Directed, (2) Failure to Submit Written Reports, and (3) Failure to Follow Instructions of the Probation Officer.  The Defendant was arrested on August 17, 2011.  During the hearing on August 23, 2011, the Defendant waived her right to a preliminary hearing under Rule 32.1 of the Federal of Criminal Procedure.  Based upon the facts alleged in the Petition and in light of the Defendant's waiver, the Court finds that probable cause exists to believe that the Defendant violated one or more conditions of her release.

    Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [defendant]."

    In making my findings of fact, I have taken judicial notice of the information set forth in the Petition on Violation of Supervised Release and the earlier Presentence Investigation Report in this case.  I have also considered defense counsel's statement that his client does not contest the Government's request for detention.  Under the circumstances, I find that the Defendant has not

sustained her burden of establishing that she will not flee or fail to appear at future proceedings in this matter.

As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community.

**IT IS HEREBY ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

**IT IS FURTHER ORDERED** that the Defendant be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DATED and ENTERED** this 23rd day of August, 2011.

                                              **BY THE COURT:**

                                              **s/David L. West**
                                              **United States Magistrate Judge**